IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR GOMEZ AND FRANCISCO MARCOS<br><br>   Plaintiffs,<br><br>v.<br><br>VOODOO INC. D/B/A GENKI RESTAURANT; GENKI-TO-GO, LLC; GENKI IV, LLC; and GENKI III, LLC<br><br>   Defendants. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Victor Gomez ("Gomez") and Francisco Marcos ("Marcos") (collectively "Plaintiffs") by and through undersigned counsel, file this Complaint against Defendants VooDoo, Inc., Genki-to-go, LLC, Genki IV, LLC, and Genki III, LLC (collectively "Defendants") and shows the following:

### I. Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## III.    Parties and Facts

4.

Plaintiffs are residents of the State of Georgia.

5.

Defendants VooDoo, Inc.; Genki IV, LLC; Genki III, LLC; Genki-To-Go, LLC are Georgia entities and reside in this district.  Defendants do business in and are engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a

substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

6.

All Defendants share a principal office address of 465 Hillside Drive NW, Atlanta, Georgia 30342. Defendants may be served with process by delivering a copy of the summons and complaint to Sheldon Friedman, 5555 Glenridge Connector NE, Suite 925, Atlanta, Georgia 30342.

7.

At all relevant times to the facts set forth in this Complaint, Defendants were acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control; integrated enterprise; or were successors in interest.

8.

From June 2014 to August 23, 2016, Plaintiff Gomez has been employed as a cook by Defendants.

9.

From February 2007 to September 30, 2016, Plaintiff Marcos has been employed as a cook by Defendants.

10.

Within the last two years, Plaintiffs have worked at Defendants' restaurants.

11.

Throughout their employment with Defendants, Plaintiffs regularly worked 45-60 hours per workweek, and were paid for significantly fewer work hours. For example, in numerous weeks in which Plaintiffs worked 45-60 hours they were paid for straight time and not paid time and a half of their regular hourly rate for the hours worked over 40 hours per week.

12.

In all instances in which Defendants failed to pay Plaintiffs for overtime hours they worked at the restaurants, Defendants had full knowledge that Plaintiffs worked the hours they were not paid for. Plaintiffs were assigned work schedules by Defendants' management that consisted of more than 40 hours each week, and were intentionally paid for substantially fewer hours each week.

13.

Plaintiffs were each an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

14.

Throughout their employment with Defendants, Plaintiffs' primary job duties were manual labor, specifically serving as a cook and sushi chef at

Defendants' restaurants. Throughout Plaintiffs' employment, they have been paid on an hourly basis.

15.

Defendants are an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

17.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiffs worked in excess of 40 hours in given workweeks.

19.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

20.

Defendants suffered and permitted Plaintiffs to routinely work more than 40 hours per week without overtime compensation.

21.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

22.

Defendants knew, or showed reckless disregard for the fact that they failed to pay Plaintiffs overtime compensation in violation of the FLSA.

23.

Plaintiffs were subject to the same unlawful policies of Defendants, i.e. Defendants' failure to pay Plaintiffs for some of their hours worked over 40 in workweeks.

24.

Defendants' violations of the FLSA were willful and in bad faith.

25.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiffs are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A) Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendants and award Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendants willfully violated the FLSA;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)   Grant Plaintiffs leave to add additional claims or Parties if necessary; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 1st day of November, 2016.

          **BARRETT & FARAHANY**

          /s/ TK Smith
          Tequiero M. "TK" Smith
          Georgia Bar No. 199325
          Attorney for Plaintiffs

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
tksmith@justiceatwork.com